IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D'MARKO PHIPPS, #69596, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 16-cv-00857-JPG ) |
| SGT. COLLMAN and JOHN LAKIN, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is currently detained at Madison County Jail ("Jail") in Edwardsville, Illinois, brings this *pro se* civil rights action against two Jail officials pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1).  In his complaint, Plaintiff claims that Sergeant Collman and Sheriff Lakin negligently failed to protect him from an attack by three detainees at the Jail on November 26th[1] (Doc. 1, p. 5).  He seeks monetary relief against both defendants (*id*. at 6).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

---

[1] The complaint does not indicate what year the attack occurred (Doc. 1, p. 5).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint is subject to dismissal under this standard.

### The Complaint

According to the complaint, Plaintiff was attacked, beaten, and severely injured by three detainees at Madison County Jail ("Jail") on November 26th (Doc. 1, p. 5). The assault occurred soon after Sergeant Collman moved Plaintiff into the same cellblock with a detainee who was involved in his criminal case (*id*.). The cellblock had no panic button, and no one responded to his cries for help, until an officer made his regular 30-minute rounds and observed the three detainees beating Plaintiff.

As a result of the attack, Plaintiff sustained severe injuries, including a collapsed lung, three broken ribs, a broken nose, and facial swelling. Immediately after the assault, he was taken to Barnes-Jewish Hospital in St. Louis, Missouri. He remained hospitalized there for four days.

After returning to the Jail on November 30th, Plaintiff was placed in segregation because the Jail has no infirmary. At the time, he was still suffering from serious injuries, and he required additional medical treatment. He claims that the treatment he received was inadequate but offers no details in this regard.

Plaintiff now sues Sergeant Collman and Sheriff Lakin for negligence under the FTCA. He claims that Sergeant Collman failed to protect him from an obvious risk of harm when he moved Plaintiff into the same cellblock with a detainee who was involved in his criminal case. He further alleges that Sheriff Lakin failed to install panic buttons in the cellblock, which would have enabled Plaintiff to quickly summon help. Plaintiff generally alleges that he received inadequate medical care after returning to the Jail on November 30th. In connection with these claims, Plaintiff seeks monetary damages (*id*. at 6).

## Discussion

Plaintiff asserts negligence claims against Sergeant Collman and Sheriff Lakin pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). The FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. Plaintiff has not brought this lawsuit against the United States. He has also not named federal officials as defendants. Therefore, the FTCA claims must be dismissed with prejudice.

Claims for constitutional deprivations by state actors are typically brought in a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual

defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Even when construing the allegations in the complaint liberally, Plaintiff does not allege that Sergeant Collman or Sheriff Lakin violated his constitutional rights.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); FED. R. CIV. P. 8(a)(2).  Instead, he brings claims against them for negligence.  Under § 1983, a defendant can never be held liable for negligence, or even gross negligence.  *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).  Claims of negligence arise under state law, not federal law.  The negligence claims against both defendants shall therefore be dismissed without prejudice.

Under the circumstances, the complaint fails to state a claim for relief against either defendant and shall be dismissed.  However, the dismissal shall be without prejudice, and Plaintiff will have an opportunity to file an amended complaint.  His amended complaint should focus on constitutional deprivations that occurred in connection with the November 26th incident.

Plaintiff's claims likely arise under the Due Process Clause of the Fourteenth Amendment, which applies to pretrial detainees and prohibits punishment.  *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)).  *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).  The Eighth Amendment's proscription against cruel and unusual punishment applies to claims brought by prisoners.  *Id*.  The inquiry under both provisions of the Constitution is essentially the same.  *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (*Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000) (noting that there is "little practical difference between the two standards")).  The Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth

Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). Against this backdrop, the Court will briefly address each of Plaintiff's potential claims.

A constitutional claim may arise under the Fourteenth Amendment (detainee) or the Eighth Amendment (prisoner), if either defendant failed to protect Plaintiff from a known and substantial risk of serious harm. To state a failure-to-protect claim, the plaintiff must allege that jail officials "knew that he faced a substantial risk of serious harm and deliberately disregarded the risk" by failing to take reasonable measures to abate it. *Key v. Kolitwenzew*, 630 Fed. Appx. 620, 623 (7th Cir. 2015) (citing *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012)). It is not enough to allege that an officer might have known, probably should have known, or could have learned about a substantial risk of serious harm posed by a fellow detainee, as Plaintiff has alleged with respect to Sergeant Collman. The defendant must have acted with "conscious disregard" of a significant risk of violence to the pretrial detainee. *See Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). This requires a showing that the officer acted with the equivalent of criminal recklessness, not negligence or even gross negligence. *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005); *Farmer*, 511 U.S. at 835. Further, an officer who actually knew of a substantial risk to a detainee's safety is still free of liability "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Fisher*, 414 F.3d at 662 (quoting *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002)). The complaint does not support a failure-to-protect claim against Sergeant Collman under this standard.

Plaintiff also alleges that Sheriff Lakin should have installed panic buttons in each cellblock to ensure that detainees could call for help in emergency situations. He acknowledges

that a panic button would not have prevented the attack that occurred on November 26th, but he argues that it would have enabled him to summon help sooner.

Regardless of how Plaintiff characterizes this claim (*e.g.*, as a failure-to-protect or conditions-of-confinement claim), the allegations must at least suggest that the sheriff's failure to install a panic button in the cellblock before November 26th amounted to deliberate indifference. Allegations that a defendant disregarded "a generalized risk of violence [are] not enough" because jails are inherently dangerous places. *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (citing *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004)). Instead, Plaintiff must establish that the sheriff consciously disregarded a "tangible threat to his safety or well-being." *Id.* (citing *Grieveson*, 538 F.3d 763, 77 (7th Cir. 2008); *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (noting distinction between actual and feared exposure)). Further, "the conditions presenting the risk must be 'sure or very likely to cause . . . needless suffering,' and give rise to 'sufficiently imminent danger.'" *Id.* (citations omitted). The complaint does not support a claim against Sheriff Lakin under this standard.

Finally, a constitutional claim may arise against those officers or medical staff members who denied Plaintiff medical care for his injuries after he returned to the Jail on November 30th. Prison officials violate the Eighth Amendment when they respond to a prisoner's serious medical needs with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). To state a claim, a prisoner must demonstrate that he suffered from an objectively serious medical need. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). He must also establish that each of the named defendants

responded to his serious medical needs with deliberate indifference, which is a subjective standard. *Id*.

In the complaint, Plaintiff generally alleges that he received inadequate medical care at the Jail following his hospitalization. He offers no factual allegations in support of this claim. He does not identify what serious medical needs required further attention. He also fails to identify any particular defendant in connection with this claim or describe conduct on the part of each defendant that amounted to deliberate indifference. If he wishes to pursue a medical claim against either of the defendants, Plaintiff will need to include more specific allegations addressing the objective and subjective components of this claim.

## Disposition

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, are **DISMISSED** with prejudice, and his negligence claims under Illinois state law are **DISMISSED** without prejudice.

**IT IS ALSO ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in *this* case, if he wishes to pursue a claim for monetary relief against the defendants for violations of his constitutional rights at the Jail under 42 U.S.C. § 1983. The First Amended Complaint is due **on or before October 6, 2016**. Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number on the first page (Case No. 16-857-JPG). Plaintiff must present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count for a violation of Plaintiff's federal constitutional rights, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. He should refrain from filing unnecessary exhibits. Further, Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form along with a copy of the complaint (Doc. 1).

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 31, 2016**

*s/J. Phil Gilbert*
United States District Judge