IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D'MARKO PHIPPS, #69596, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 16-cv-00857-JPG ) |
| SGT. COLLMAN and JOHN LAKIN, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff brings this *pro se* civil rights action against two officials from Madison County Jail ("Jail"). (Doc. 7). In his original Complaint (Doc. 1), Plaintiff claimed that Sergeant Collman and Sheriff Lakin negligently failed to protect him from an attack by three detainees at the Jail on November 26, 2015 in violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1, p. 5). After the Court dismissed his Complaint (Doc. 1) for failure to state a claim upon which relief could be granted (Doc. 6), Plaintiff filed a First Amended Complaint in which he brings similar claims under 42 U.S.C. § 1983. (Doc. 7). He seeks monetary relief against both defendants. (Doc. 7, p. 6). This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

>         (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>         (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint is subject to dismissal under this standard.

## The Complaint

According to the First Amended Complaint, Plaintiff was attacked, beaten, and severely injured by three detainees at Madison County Jail ("Jail") on November 26, 2015. (Doc. 7, p. 5). The assault occurred soon after Collman moved Plaintiff into the same cellblock with a detainee

who was involved in his criminal case and who "had an altercation" previously. *Id.* The cellblock had no panic button. *Id.* As a result of the attack, Plaintiff sustained severe injuries, including a collapsed lung, three broken ribs, a broken nose, and facial swelling. *Id.* In his First Amended Complaint, Plaintiff does not provide any information related to the medical care he received for his injuries or make any allegations that his medical care was insufficient, though he did so, with minimal detail, in his original Complaint. (*See* Doc. 1, p. 5).

Plaintiff now sues Collman and Lakin under 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that Collman failed to protect him from an obvious risk of harm when he moved Plaintiff into the same cellblock with a detainee who was involved in his criminal case. He further alleges that Lakin failed to install panic buttons in the cellblock, which would have enabled Plaintiff to quickly summon help when he was attacked. In connection with these claims, Plaintiff seeks monetary damages. (Doc. 7, p. 6).

### Discussion

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate two counts in this action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Collman failed to protect Plaintiff from a known and substantial risk of serious harm in violation of the Fourteenth Amendment when he moved Plaintiff to a cellblock that housed an inmate involved in Plaintiff's criminal case.
>
> **Count 2 –** Lakin failed to protect Plaintiff from a known and substantial risk of serious harm and/or subjected him to unconstitutional conditions of confinement by failing to install panic buttons in Plaintiff's cellblock in violation of the Fourteenth Amendment.

As discussed in more detail below, both Counts 1 and 2 will be dismissed for failing to state a claim upon which relief may be granted. Any other intended claim that has not been

recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff's claims appear to arise under the Due Process Clause of the Fourteenth Amendment, which applies to pretrial detainees and prohibits punishment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment's proscription against cruel and unusual punishment applies to claims brought by prisoners. *Id*. The Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

A constitutional claim may arise under the Fourteenth Amendment (detainee) or the Eighth Amendment (prisoner), if either defendant failed to protect Plaintiff from a known and substantial risk of serious harm. To state a failure-to-protect claim, a plaintiff must allege that jail officials "knew that he faced a substantial risk of serious harm and deliberately disregarded the risk" by failing to take reasonable measures to abate it. *Key v. Kolitwenzew*, 630 F. App'x 620, 623 (7th Cir. 2015) (citing *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012)).

As to **Count** 1, it is not enough to allege that an officer might have known, probably should have known, or could have learned about a substantial risk of serious harm posed by a fellow detainee, though Plaintiff's claims fail to allege even that much against Collman.  The defendant must have acted with "conscious disregard" of a significant risk of violence to the pretrial detainee.  *See Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).  This requires a showing that the officer acted with the equivalent of criminal recklessness, not negligence or even gross negligence.  *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005); *Farmer*, 511 U.S. at 835.  Further, an officer who actually knew of a substantial risk to a detainee's safety is still free of liability "if [he] responded reasonably to the risk, even if the harm ultimately was not averted."  *Fisher*, 414 F.3d at 662 (quoting *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002)).  The First Amended Complaint provides no detail as to Collman's knowledge of any risk to Plaintiff when he moved him and therefore does not support a failure-to-protect claim against him under this standard.  **Count 1** will be dismissed, though out of an abundance of caution, and for the last time, this dismissal will be without prejudice.

As to **Count 2**, Plaintiff also alleges that Lakin should have installed panic buttons in each cellblock to ensure that detainees could call for help in emergency situations.  (Doc. 7, p. 5). He argues that, had there been a panic button in his cell on the day of the attack, he could have "gotten an officer to [his] assistance much quicker and would not have sustained such severe injuries."  *Id.*  However, as was discussed in this Court's previous Order (Doc. 6), regardless of how Plaintiff characterizes this claim (*e.g.*, as a failure-to-protect or conditions-of-confinement claim), the allegations must at least suggest that Lakin's failure to install a panic button in the cellblock amounted to deliberate indifference.  Allegations that a defendant disregarded "a

generalized risk of violence [are] not enough" because jails are inherently dangerous places. *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (citing *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004)). Instead, Plaintiff must establish that the sheriff consciously disregarded a "tangible threat to his safety or well-being." *Id*. (citing *Grieveson,* 538 F.3d 763, 77 (7th Cir. 2008); *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (noting distinction between actual and feared exposure)). Further, "the conditions presenting the risk must be 'sure or very likely to cause . . . needless suffering,' and give rise to 'sufficiently imminent danger.'" *Id*. (citations omitted). The First Amended Complaint does not support a claim against Lakin for failing to install panic buttons under this standard, and has done nothing to add to Plaintiff's original allegations against Lakin, so **Count 2** will be dismissed with prejudice.

Finally, Plaintiff fails to revisit in his First Amended Complaint (Doc. 7) the claims he made regarding his medical care in his original Complaint (Doc. 1). If he wishes to pursue a medical claim against either of the defendants, Plaintiff will be given one final chance to include specific allegations addressing the various components of this claim, outlined in this Court's previous Order (Doc. 5), in a "Second Amended Complaint."

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 7) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims under Count 1 are **DISMISSED** without prejudice, and his claims under Count 2 are **DISMISSED** with prejudice.

**IT IS ALSO ORDERED** that Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" in *this* case, if he wishes to pursue a claim for monetary relief against the defendants

for violations of his constitutional rights at the Jail under 42 U.S.C. § 1983.  The Second Amended Complaint is due **on or before March 29, 2017**.  Should Plaintiff fail to file his Second Amended Complaint within the allotted time, dismissal will become with prejudice. FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file another amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should be careful to label the pleading, "Second Amended Complaint," and he must list *this* case number on the first page (Case No. 16-857-JPG).  Plaintiff must present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count for a violation of Plaintiff's federal constitutional rights, as well as the actions alleged to have been taken by that defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  He should refrain from filing unnecessary exhibits.  Further, Plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form along with a copy of the First Amended Complaint (Doc. 7).

Plaintiff is **ADVISED** that *this* dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1

(7th Cir. 2004). The Court will not accept piecemeal amendments to the original or First Amended Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. Finally, the Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file another amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 28, 2017**

*s/J. Phil Gilbert*
United States District Judge
